Elliott Lew Griffin
_____
FULL NAME

_____
COMMITTED NAME (if different)

CMC East, P.O. Box 8191
_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

San Luis Obispo, CA 93409
_____

V46065
_____
PRISON NUMBER (if applicable)

Received ___3·12·19___
                (Date)

Scanned at CMC and E-mailed
on _3·13·19_ by _AA_
      (Date)        (Initials)

Number of pages scanned:
85

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ELLIOTT LEW GRIFFIN,

                                    PLAINTIFF,

                v.

E. FLORES, et al.

                          DEFENDANT(S).

CASE NUMBER

CV 18-687-DOC (AGR)
*To be supplied by the Clerk*

**FIRST AMENDED**

CIVIL RIGHTS COMPLAINT
PURSUANT TO *(Check one)*

☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☑ No

2.  If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)



**FILED**
**CLERK, U.S. DISTRICT COURT**

03/15/2019

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____KL_____ DEPUTY

a.  Parties to this previous lawsuit:

Plaintiff _____

_____

Defendants _____

_____

b.  Court _____

_____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f.  Issues raised: _____

_____

_____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes  ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes  ☐ No

If your answer is no, explain why not _____

_____

_____

3.  Is the grievance procedure completed? ☑ Yes  ☐ No

If your answer is no, explain why not _____

_____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff __Elliott Lew Griffin__
(print plaintiff's name)

who presently resides at __CMC East, P.O. Box 8101, San Luis Obispo, CA 93409__
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at:

__North Kern State Prison in Delano, CA; California Health Care Facility__
(institution/city where violation occurred)

__Stockton, CA; and CMC in San Luis Obispo, CA__

on (date or dates) __From Sept. 2015 to Jan. 2018__ , _____.
                          (Claim I)              (Claim II)                   (Claim III)

NOTE:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant __E. Flores, MD__ _____ resides or works at
               (full name of first defendant)

              __NKSP,.P.O. Box 5000, Delano, CA 93216__
              (full address of first defendant)

              __CDCR Physician__
              (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
    __This Defendant acted under the color of State law.__

2. Defendant __K. Kaur, MD__ _____ resides or works at
               (full name of first defendant)

              __CHCF, P.O. Box 32290, Stockton, CA 95213__
              (full address of first defendant)

              __CDCR Physician__
               (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
    __This Defendant acted under the color of State law.__

3. Defendant __O. Siahaan, PA-C__ _____ resides or works at
               (full name of first defendant)

               __CHCF, P.O. Box 32290, Stockton, CA 95213__
              (full address of first defendant)

               __CDCR Physician Assistant__
              (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
    __This Defendant acted under the color of State law.__

4. Defendant:   J. Krpan, DO _____ resides or works at:
                (full name of first defendant)
         CHCF, P.O. Box 32290, Stockton, CA 95213
                (full address of first defendant)
           CDCR Physician
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
   This Defendant acted under the color of State law

5. Defendant   S. Pido, MD _____ resides or works at
                (full name of first defendant)
         CMC East, P.O. Box 8101, San Luis Obispo, CA 93409
                (full address of first defendant)
           CDCR Physician
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:
   This Defendant acted under the color of State law.

on (date or dates) __From Sept. 2015 to Jan. 2018__ _____ _____.

          (Claim I)             (Claim II)           (Claim III)

NOTE:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

6. Defendant  __Dr. Paik, MD__ _____ resides or works at
             (full name of first defendant)
             __CHCF, P.O. Box 32290, Stockton, CA 95213__
             (full address of first defendant)
             __CDCR Physician__
             (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
    __This Defendant acted under the color of State law.__

7. Defendant  __N. Malakkla, MD__ _____ resides or works at
             (full name of first defendant)
             __CHCF, P.O. Box 32290, Stockton, CA 95213__
             (full address of first defendant)
             __CDCR Chief Physician and Surgeon__
             (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
    __This Defendant acted under the color of State law.__

8. Defendant  __A. Shittu, MD__ _____ resides or works at
             (full name of first defendant)
             __NKSP, P.O. Box 5000, Delano, CA 93216__
             (full address of first defendant)
             __CDCR Chief Physician and Surgeon__
             (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
    __This Defendant acted under the color of State law.__

9. Defendant:  R. Diaz                                   resides or works at
   (full name of first defendant)

         1515 'S' Street, Sacramento, CA 95814
   (full address of first defendant)

         Secretary of CDCR
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

    This Defendant acted under the color of State law.

                                         resides or works at

10. Defendant  G. Newsom
   (full name of first defendant)

         State Capitol, Sacramento, CA 95814
   (full address of first defendant)

         Governor of the State of California
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

    This Defendant acted under the color of State law.

on (date or dates) ___Sept. 2015 to the Present___ , _____ , _____ .
                        (Claim I)                    (Claim II)        (Claim III)

NOTE:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

11 Defendant    D. Trump
                (full name of first defendant)                                          resides or works at
                1600 Pennsylvania Ave, Washington, D.C. 20500
                (full address of first defendant)
                President of the United States of America
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
    This Defendant acted under the color of U.S. law
_____

12 Defendant    S. Kernan
                (full name of first defendant)                                          resides or works at
                1515 'S" Street, Sacramento, CA 95814
                (full address of first defendant)
                Former Secretary of CDCR
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
    This Defendant acted under the color of State law
_____

13 Defendant    E. Brown Jr.
                (full name of first defendant)                                          resides or works at
                State Capital, Sacramento, CA 95814
                (full address of first defendant)
                Former Governor of the State of California
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
    This Defendant acted under the color of State law.
_____

CV-66 (7/97)                          CIVIL RIGHTS COMPLAINT
                                              7
                                                                              Page 3 of 6

14. Defendant:  B. Obama _____ resides or works at

(full name of first defendant)

1600 Pennsylvania Ave, Washington, D.C. 20500

(full address of first defendant)

Former Pres. of the United States of America

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

This Defendant acted under the color of U.S. laws _____

_____

Defendant _____ resides or works at

(full name of first defendant)

_____

(full address of first defendant)

_____

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

## D. CLAIMS*

CLAIM I

The following civil right has been violated:

Please see attached Memorandum of Supporting Facts and Claims

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

1.) Injunctive relief

2.) A declaratory judgment

3.) Awarded monetary damages for all nominal, compensatory and
punitive damages for the additional harm caused to my shoulder
and the cruel and unusual pain I suffered for over 2 years.

4.) Prejudgment interest in light of Plaintiff's 998 offer.

5.) Cost of Expert Witnesses in light of Plaintiff's 998 offer.

6.) Plaintiff demands speedy trial under Rule 38(b)

Also, it should be noted that Plaintiff is without no plain,
adequate or complete remedy at law to redress the wrongs described
herein.  For that reason Plaintiff seeks relief herenow.

Thankyou Sincerely,

Elliott Lew Griffin

3/12/19
(Date)

(Signature of Plaintiff)

MEMORANDUM OF SUPPORTING FACTS AND CLAIMS

# I.

## SUMMARY OF PROCEEDINGS

On January 26, 2018, Plaintiff, a state inmate proceeding pro
se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983.
He named the following (5) defendants in their individual and official
capacities: Dr. E. Flores, a physician at North Kern State Prison
("NKSP"); Dr. K. Kaur (sued as "Kaar"), a physician at California
Health Care Facility ("CHCF"); Dr. J. Krpan, a physician at CHCF; O.
Siahaan (sued as "Siqhaan"), a physician's assistant at CHCF; and Dr.
S. Pido, a physician at California Men's Colony ("CMC").

On May 2, 2018, Defendant's filed a motion to dismiss the complaint
under Fed. R. Civ. P. 12(b)(6).  On June 19, 2018, Plaintiff filed
an opposition to the motion. On June 22, 2018, Defendant's filed a
reply.

On January 9, 2019, the Hon. Alicia G. Rosenberg, U.S. Magistrate
Judge issued an order referring Plaintiff's case to the prisoner
settlement program.  On February 14, 2019, the Hon. Rosenberg broke
my heart when issuing a Report and Recommendation to the Hon. David
O. Carter, U.S. District Judge.  In that Report and Recommendation
("R & R") it was recommended that the Defendant's motion to dismiss
Plaintiff's official capacity claims be (1) denied as to Dr. Pido for
injunctive relief and granted without leave to amend as to Dr. Pido
for damages; and (2) granted without leave to amend as to Defendant's
Flores, Kaur, Krpan and Siahaan.

As to Plaintiff's Eighth Amendment issue, the Report stated: "At
the pleading level, Plaintiff has sufficiently alleged (1) a serious
medical need for treatment of his shoulder injury  and (2) harm from

12

delays in receiving a consultation with an orthopedic surgeon and

surgery. (R & R p. 8)  And it recommended that Defendant's motion to

dismiss Plaintiff's Eighth Amendment claim against Dr. Pido be denied.

(Id. at 9)

However, it noted Plaintiff had not sufficiently alleged facts

showing deliberate indifference on the part of the remaining Defendant's

and therefore, recommended that Plaintiff's Eighth Amendment claims

against Defendant's Flores, Kaur, Krpan, and Siahaan be dismissed with

leave to amend. (Id. at 10, 11, 13)

As to Plaintiff's Fourteenth Amendment claim, it was also recom-

mended that it too be dismissed with leave to amend; and at that time

the Hon. Roseberg recommended that Plaintiff be granted leave to file

a First Amended Complaint. (Id. at 11, 12, 13)

On February 19, 2019, Plaintiff appeared in a videophonic settle-

ment conference before the Hon. Victor E. Bianchini, U.S. Magistrate

Judge, and pretty much stated that the lone Defendant Dr. Pido had

no counter-offer at that time to settle the matter.  It was then that

the Hon. Bianchini recommended Plaintiff file his First Amended

Complaint with the court as soon as possible in order to proceed his

case on the other Defendant's.  Thus, Plaintiff hereby files his First

Amended Complaint and in doing so he respectfully requests leave to

add additional Defendants including, but not limited to: Dr. Paik,

a physician at CHCF; Dr. N. Malakkla, a chief physician and surgeon

at CHCF; Dr. Shittu, a chief physician and surgeon at NKSP; R. Diaz,

Secretary of California Department of Corrections and Rehabilitation

("CDCR"); G. Newsom, Governor of the State of California; and D. Trump,

President of the United States of America, as Plaintiff contends these

additional Defendants and or their respective offices were also involved in violating his eighth and or possibly his Fourteenth Amendment rights to the U.S. Constitution in this case. Hence, because Plaintiff is proceeding Pro Se in this matter he is respectfully requesting leave to proceed against these Defendants herenow and in the event this Hon. Court determines Plaintiff has sufficiently alleged an Eighth and or Fourteenth Amendment claim against them in his First Amended Complaint.

## II.

## STATEMENT OF THE FACTS

Plaintiff is currently incarcerated at CMC East. He complains that, for more than two years, he has lived with chronic, severe pain that grew worse and worse over time and amounted to cruel and unusual punishment in violation of the Eighth Amendment.

It all started In September 2015, while he was incarcerated at NKSP, Plaintiff severely re-injured his right shoulder while playing baseball, which he had previously injured while exercising. On September 29, 2015, he put in a request for medical care and interviewed by a nurse, who gave him pain medication and said it would take up to six weeks to see a physician because there was a backlog of medical appointments. (See First Amend. Compl. at 43 ) On December 9, 2015, Plaintiff filed another request for medical care and the same thing happened. (Id. at 44) Around six weeks later, on January 19, 2016, Plaintiff filed a third request for medical care (Id. at 45) and also filed a health care appeal, which was granted. (Id. at 46 - 49) On February 3, 2016, after waiting (4 months and 7 days) he finally was

14

seen by Dr. Gines, who had to order x-rays twice due to backlog (See
First Amend. Compl. at 49 ); physical therapy which was completed on
May 24, 2016 (Id. at 50); and ultimately an MRI which was completed
on June 29, 2016. (Id. at 51)

On July 7, 2016, Plaintiff was seen by Dr. Flores who did in fact
refer him for an orthopedic consultation for further treatment and
on July 14, 2016, Dr. Shittu, chief physician and surgeon authorized
and approved Plaintiff's orthopedic consultation request. (Id. at 52)
Since Plaintiff had already spent ten months in severe pain, on July
25, 2016 he filed a health care appeal to see an orthopedic specialist
as soon as possible. (Id. at 53 -57)  On August 26, 2016, his appeal
was partially granted insofar as Dr. Flores had referred him for an
orthopedic consultation on July 12, 2016. (Id. at 56,57)  However,
because neither Dr. Flores or Dr. Shittu placed a medical hold on the
Plaintiff to prevent his transfer to another institution until after
he received an orthopedic consultation and the necessary treatment,
on July 28, 2016, Plaintiff was non-adversely transferred from NKSP
to CMC West.

On August 2, 2016, Plaintiff was admitted into the Mental Health
Crisis Bed (MHCB) at CMC due to his difficulty of living in new "dorm"
setting at CMC West. (Id. at 58)  On August 17, 2016, he was discharged
from the CMC MHCB back to CMC West. (Id. at 59)  On August 25, 2016
he was re-admitted into the MHCB at Kern Valley State Prison ("KVSP")
(Id. at 60)  On September 3, 2016 Plaintiff was discharged from KVSP
MHCB to CMC East, but that's why his August 26, 2016, partially granted
appeal stated that he had been transferred to KVSP because he was placed
in the MHCB there from August 25 to September 3, 2016. (Id. at 61)

On September 30, 2016, Plaintiff was non-adversely transferred
from CMC East to CHCF. (See First Amend. Compl. at 62)  On October
4, 2016 while he was incarcerated at CHCF, Plaintiff was interviewed
by N. Kaur, a nurse who immediately referred him to see the physician
for his shoulder pain and orthopedic console on October 10, 2016. (Id.
at 63)

On October 10, 2016, as scheduled, Plaintiff was seen by Dr. Kaur.
At that time Plaintiff insisted on seeing an orthopedic specialist
as soon as possible based on the fact that he was granted a health
care appeal to see the orthopedic surgeon already and it hasn't
happened.  But Plaintiff's medical records reveal that Dr. Kaur never
made that ortho request at that time. (Id. 65)

On January 6, 2017, almost three months later, Plaintiff was seen
by O. Siahhan (PA-C) who eventually told him Dr. Kaur never ordered
an orthopedic surgery consult, but only ordered physical therapy.
And it's true, (Plaintiff had waited "three months" for nothing).
At that time, Plaintiff had further insisted on bypassing physical
therapy and go straight to orthopedic consult since the RFS for ortho-
pedic surgery consult was approved at his former institution. (Id.
at 66)  But again, Plaintiff's medical records reveal that   Siahaan
(PA-C) never made an ortho request either.  Then it should be noted
that Dr. Paik, physician at CHCF was to oversee O. Siahaan his (PA-
and he never made the request to see the orthopedic surgeon either.
(Id. at 66, 67)

On February 7, 2017, after four months, Plaintiff had a Physical
Therapy Evaluation only that was referred by Dr. Kaur on October 10,
2016.  At that time the Physical Therapist wrote Plaintiff stated:

16

"I've already been through the therapy thing & want to see an
ortho.  In fact I was supposed to see one before I came here until
it got denied.  I 602'D them recently & won". (See First Amend. Compl.
at 68,69)

During that same visit the Physical Therapist then looked on the
computer and saw that Plaintiff was in fact granted an orthopedic
surgery consult.  He then stated that he was going to immediately refer
Plaintiff's file to the Chief surgeon to get approval for the orthopedic
consultation and that he was going to get me in as soon as possible.
From Plaintiff's medical records it proves he did just that.  On
February 10, 2017, Dr. N. Malakkla, Chief Physician and Surgeon signed
that they approved his evaluation, but Dr. Malakkla never approved
Plaintiff to see the orthopedic surgeon at that time. (Id. at 68,69 )
And it wasn't until April 11, 2017 that Dr. Malakkla did approve it.
(Id. at 73)

However, on March 30, 2017, after waiting roughly six more weeks
to see what he thought was going to be the Orthopedic surgeon, Plaintiff
filed another request for medical care and was interviewed by a nurse
who wrote Plaintiff stated: "I just want to see the doctor, I was
granted 602 to see orthopedic". (Id. at 70 )

On April 6, 2017, Plaintiff was seen by Dr. Krpan regarding his
March 30th request for medical care.  In his Progress notes he wrote:
"6/29/2016 patient had a right shoulder MRI, findings are consistent
with an impingement syndrome, mild rotator cuff tendinopathy with
fraying of the supraspinatus and infraspinatus tendons. There was no
complete or high-grade rotator cuff tear.  Patient also had subdeltoid
bursitis".

17

In his Assessment/Plan notes he wrote: "chronic right shoulder
pain.  Patient has an MRI of the right shoulder dated June 29, 2019
with the above mentioned findings.  Patient had completed a full course
of physical therapy.  Patient has been doing a home exercise program
without improvement.  Per his MRI he appears to have an impingement
syndrome and and RFS is been submitted for orthopedic consultation.
In review of his chart I believe he was referred to the orthopedist
July 12, 2016 and I believe that was approved in July 14, 2016 and
I don't believe he seen the orthopedist as he was transferred here
to CHCF after the RFS was submitted and approved.  Patient will continue
his naproxen for the time being." (See First Amend. Compl. at $\underline{71}$, $\underline{72}$)

On April 6, 2017, after six months of being incarcerated at CHCF
Dr. Krpan finally requested Plaintiff an orthopedic consultation.
And again as noted above, on April 11, 2017, Dr. Malakkla finally
reviewed it and approved the orthopedic consult at that time.

However, by that time it was all too late because on April 10,
2017, Plaintiff was non-adversely transferred from CHCF back to CMC
East since Dr. Krpan didn't place a medical hold on Plaintiff to prevent
his transfer to another institution until after he received an the
requested orthopedic consultation and treatment.  And as the request
states: "Pt. transferred to CMC.  RFS Forwarded to CMC". (Id. at $\underline{73}$)

On April 12, 2017, after a two day layover Plaintiff arrived at
CMC East.  On April 19, 2017, Plaintiff was seen by Dr. Pido who wrote
in her notes on the last sentence at that time: "He was referred to
the orthopedist but transferred to CMC." (Id. at $\underline{74}$)

After that Plaintiff was not referred to see the orthopedic surgeon
until August 14, 2017. (Id. at $\underline{75}$)  On August 23, 2017, Plaintiff

18

finally receive his orthopedic consultation with Dr. Kowall. (See First Amedn. Compl. at 75 ) During that consultation Dr. Kowall reviewed Plaintiff's June 29, 2016 MRI and diagnosed him with right shoulder chronic impingement, AC joint osteoarthritis, and a partial rotator cuff tear. He told Plaintiff that he "needed immediate surgery to repair the damage to stop the pain". Plaintiff agreed to have surgery. The same day, Dr. Kowall requested authorization to perform the surgery on Plaintiff. (Id. at 76-79)

On October 23, 2017, after waiting and waiting and waiting, Plaintiff filed a health care appeal. (Id. at 80) On October 31, 2017, Plaintiff's health care appeal was rejected because they must have seen that not referral for surgery was put in, and the Healthcare Grievance R.N., submitted a request for medical care form on his behalf. (Id. at 81 83 ) But it was after Plaintiff's rejected appeal and the Health Care Grievance referral that Dr. Pido finally requested a referral to surgery on October 31, 2017 (Id. at 75)

Finally, on January 29, 2018, Plaintiff had right shoulder arthroscopy with arthroscopis distal clavicular resection, arthroscopic subacromial decompression surgery. (Id. at 84) But at that the partial rotator cuff tear was not repaired. Therefore, Plaintiff is still in at least still a level 5 degree on a scale of pain today. Also, at a post-op surgery visit Dr. Kowall told Plaintiff that he had the most joint arthritis he has seen to date. Thus, as of this late date of March 2019, three and a half years after reporting the injury to CDCR medical Plaintiff is still being scheduled for post operation shoulder follups. Since his surgery he's had one steroid injection to relieve the pain and still waiting on further treatment as of today.

19

## III.

## THE ALLEGATIONS

Claim 1: Based on the above Statement of Facts Plaintiff alleges
that Defendant Dr. Flores acted with deliberate indifference by
purposefully ignoring and or failing to respond appropriately to his
pain and serious medical needs in violation of the Eighth Amendment
to the United States Constitution.  Hence, Plaintiff should be granted
the relief requested against Dr. Flores.

Additional facts:

Here, it should also be noted that Dr. Flores also misdiagnosed
the cause of Plaintiff's pain: she diagnosed it as stemming from severe
arthritis, whereas Dr. Kowall, an orthopedic surgeon, later diagnosed
it as stemming from right shoulder chronic impingement, AC joint
osteoarthritis, and a partial rotator cuff tear.  However, while a
misdiagnoses may only be mere negligence, Plaintiff asserts that based
upon CDCR's admissions in Brown v. Plata, 563 U.S. 493, 507 (2011)
that this negligence rises to the level of deliberate indifference
because this is clearly another showing by the way in which prison
official providing inadequate medical care for almost two decades.

Moreover, in any event, Plaintiff contends Dr. Flores should have
immediately placed a medical hold on him to prevent his transfer to
another prison until after he received an orthopedic consultation and
treatment.  Thus, her failure to do so in this case constitutes
deliberate indifference to his serious medical needs and resulted in
further significant harm to his shoulder injury and also resulted in
the unnecessary and wanton infliction of pain.  Hence, for all of the

20