UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT LEW GRIFFIN,<br><br>Plaintiff,<br><br>v.<br><br>Dr. E. FLORES, et al.,<br><br>Defendants. | NO. CV 18-0687-DOC (AGR)<br><br>ORDER TO SHOW CAUSE |

On January 26, 2018, Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. He named the following defendants in their individual and official capacities: Dr. E. Flores, a physician at North Kern State Prison ("NKSP"); Dr. K. Kaur (sued as "Kaar"), a physician at California Health Care Facility ("CHCF"); Dr. J. Krpan, a physician at CHCF; O. Siahaan, a physician's assistant at CHCF (sued as "Siqhaan"); and Dr. S. Pido, a physician at California Men's Colony ("CMC").

On May 2, 2018, Defendants filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). On June 19, 2018, Plaintiff filed an opposition to the motion. On June 22, 2018, Defendants filed a reply.

1   On January 9, 2019, the case was referred to the prisoner settlement
2   program. (Dkt. No. 25.)  The proceedings were ordered to take place within 90
3   days of the date the order was filed.  On February 19, 2019, the settlement
4   proceeding was held.  The case was not settled.  (Dkt. No. 35.)

5   On February 14, 2019, the this court issued a report and recommendation
6   ("Report") recommending that the district court issue an order (1) accepting the
7   Report; (2) denying Defendants' motion to dismiss the official capacity claim
8   against Defendant Pido for injunctive relief; (3) granting Defendants' motion to
9   dismiss all other official-capacity claims without leave to amend; (4) denying
10  Defendants' motion to dismiss the Eighth Amendment claim against Defendant
11  Pido; (5) granting Defendants' motion to dismiss all other individual-capacity
12  claims with leave to amend; and (6) granting Plaintiff leave to file a First Amended
13  Complaint.  Any objections to the Report were due by March 11, 2019.  (Dkt. Nos.
14  26, 27.)  No objections were filed by the parties.

15  On March 13, 2019, Plaintiff lodged a First Amended Complaint.

16  On March 15, 2019, the District Court accepted the findings and
17  recommendation in the Report.  The District Court granted in part and denied in
18  part Defendants' motion to dismiss as follows: (1) Defendants' motion to dismiss
19  the official capacity claim against Defendant Pido for injunctive relief was denied;
20  (2) Defendants' motion to dismiss all other official-capacity claims was granted
21  without leave to amend; (3) Defendants' motion to dismiss the Eighth Amendment
22  claim against Defendant Pido was denied; (4) Defendants' motion to dismiss all
23  other individual-capacity claims was granted with leave to amend; and (5) Plaintiff
24  was granted leave to file a First Amended Complaint.  The Clerk was directed to
25  file the First Amended Complaint lodged by Plaintiff. (Dkt. No. 29.)

26  On March 15, 2019, Plaintiff's First Amended Complaint ("FAC") was filed.
27  (Dkt. No. 30.)

28  On March 20, 2019, in light of the referral to the prisoner settlement

program, this court issued a minute order suspending the deadline to file responsive pleadings to the FAC.  (Dkt. No. 31.)

On March 25, 2019, the court's mail was returned as undeliverable by the postal service indicating "Return to Sender, Attempted - Not Known, Unable to Forward" and "Paroled/Discharged" (Dkt. No. 32.)

On March 25, 2019, Plaintiff filed a Notice of Change of Address.  The court updated Plaintiff's mailing address in the court's Case Management Electronic Case Filing system and re-mailed Plaintiff the Order Accepting Findings and Recommendation of United States Magistrate Judge, Dkt. No. 29, and the Minute Order re Further Proceedings, Dkt. No. 31.

On March 28, 2019, the court's mail was returned by the postal service indicating "Paroled/Discharged." (Dkt. NO. 34.)

On May 8, 2020, the court's mail dated April 2, 2020 (report of prisoner settlement proceeding) was returned by the postal service indicating "Not at this address."  (Dkt. No. 36.)

Local Rule 41-6 requires that a Plaintiff proceeding pro se must keep the Court apprised of the Plaintiff's current address.  In addition, Local Rule 41-6 provides that "the Court may dismiss the action with or without prejudice for want of prosecution" if the Plaintiff fails to notify the Court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable by the Postal Service.

Plaintiff has failed to notify the court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable as required in Local Rule 41-6.

Accordingly, IT IS ORDERED that, on or before **June 25, 2020**, Plaintiff shall show good cause, if there be any, why this action should not be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  ***Filing a Notice of Current Address on or before June 25, 2020, shall***

*be deemed compliance with this Order to Show Cause.*

*If Plaintiff does not timely file a Notice of Current Address on or before June 25, 2020, or otherwise respond to this Order to Show Cause, the court may recommend that the action be dismissed without prejudice for plaintiff's failure to prosecute and/or failure to comply with a court order.* See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

DATED: June 4, 2020

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE