UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT LEW GRIFFIN, | NO. CV 18-0687-DOC (AGR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| Dr. E. FLORES, et al., | |
| Defendants. | |

### *I. Procedural History*

On January 26, 2018, Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. He named the following defendants in their individual and official capacities: Dr. E. Flores, a physician at North Kern State Prison ("NKSP"); Dr. K. Kaur (sued as "Kaar"), a physician at California Health Care Facility ("CHCF"); Dr. J. Krpan, a physician at CHCF; O. Siahaan, a physician's assistant at CHCF (sued as "Siqhaan"); and Dr. S. Pido, a physician at California Men's Colony ("CMC").

On May 2, 2018, Defendants filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). On June 19, 2018, Plaintiff filed an opposition to the

motion.  On June 22, 2018, Defendants filed a reply.

On January 9, 2019, the case was referred to the prisoner settlement program. (Dkt. No. 25.)  On February 19, 2019, the settlement proceeding was held.  The case was not settled.  (Dkt. No. 35 (entered April 2, 2020).)

On February 14, 2019, the magistrate judge issued a report and recommendation ("Report") recommending that the district court issue an order (1) accepting the Report; (2) denying Defendants' motion to dismiss the official capacity claim against Defendant Pido for injunctive relief; (3) granting Defendants' motion to dismiss all other official-capacity claims without leave to amend; (4) denying Defendants' motion to dismiss the Eighth Amendment claim against Defendant Pido; (5) granting Defendants' motion to dismiss all other individual-capacity claims with leave to amend; and (6) granting Plaintiff leave to file a First Amended Complaint.  No objections were filed by the parties.

On March 13, 2019, Plaintiff lodged a First Amended Complaint.

On March 15, 2019, the District Court accepted the findings and recommendation in the Report.  The District Court granted in part and denied in part Defendants' motion to dismiss as follows: (1) Defendants' motion to dismiss the official capacity claim against Defendant Pido for injunctive relief was denied; (2) Defendants' motion to dismiss all other official-capacity claims was granted without leave to amend; (3) Defendants' motion to dismiss the Eighth Amendment claim against Defendant Pido was denied; (4) Defendants' motion to dismiss all other individual-capacity claims was granted with leave to amend; and (5) Plaintiff was granted leave to file a First Amended Complaint.  The Clerk was directed to file the First Amended Complaint lodged by Plaintiff. (Dkt. No. 29.)

On March 15, 2019, Plaintiff's First Amended Complaint ("FAC") was filed. (Dkt. No. 30.)

On March 20, 2019, in light of the referral to the prisoner settlement program, this court issued a minute order suspending the deadline to file

responsive pleadings to the FAC.  (Dkt. No. 31.)  On March 25, 2019, the court's mail was returned as undeliverable by the postal service indicating "Return to Sender, Attempted - Not Known, Unable to Forward" and "Paroled/Discharged" (Dkt. No. 32.)

### *II.   Plaintiff's Failure to Apprise the Court of His Current Address*

On March 25, 2019, Plaintiff filed a Notice of Change of Address.  The court updated Plaintiff's mailing address in the court's Case Management Electronic Case Filing system and re-mailed Plaintiff the Order Accepting Findings and Recommendation of United States Magistrate Judge, Dkt. No. 29, and the Minute Order re Further Proceedings, Dkt. No. 31.

On March 28, 2019, the court's mail was returned by the postal service indicating "Paroled/Discharged."  (Dkt. No. 34.)

On May 8, 2020, the court's mail dated April 2, 2020 (report of prisoner settlement proceeding) was returned by the postal service indicating "Not at this address."  (Dkt. No. 36.)

On June 4, 2020, the magistrate judge issued an order to show cause why this action should not be dismissed without prejudice for failure to prosecute this action and/or failure to comply with a court order.  (Dkt. No. 37.)

On June 22, 2020, the court's mail dated June 4, 2020 (Order to Show Cause) was returned by the postal service indicating "Return to Sender, Attempted - Not known" and "Return to Sender not at this address." (Dkt. No. 38.)

Local Rule 41-6 requires that a Plaintiff proceeding pro se must keep the Court apprised of the Plaintiff's current address.  In addition, Local Rule 41-6 provides that "the Court may dismiss the action with or without prejudice for want of prosecution" if the Plaintiff fails to notify the Court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable by the Postal Service.

Plaintiff has failed to notify the court in writing of Plaintiff's current address

within 15 days after mail is returned as undeliverable as required in Local Rule 41-6.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has failed to notify the court of his current address and has thereby rendered it impossible for the court to contact him. Plaintiff's conduct hinders the court's ability to move this case toward disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently. *Eisen*, 31 F.3d at 1452-53. That presumption may be rebutted when a plaintiff proffers an excuse for delay. Plaintiff has failed to come forward with any excuse or reason for delay.

The fourth factor – public policy in favor of deciding cases on their merits – weighs against dismissal. It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to notify the court of his change of address or respond to orders of the court.

The fifth factor – availability of less drastic sanctions – weighs in favor of

dismissal, again because Plaintiff has failed to keep the court apprised of his current address and has not otherwise responded to the order to show cause. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Absent a current address for Plaintiff, there is nothing more the court can do.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

IT IS SO ORDERED.

DATED: June 30, 2020

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE